## SIMMONS *vs.* CAMP.

1. The decision of the supreme court in this case at the August term, 1878, is reviewed and affirmed.
2. Where one who is liable on the face of an instrument as a surety, seeks to limit his liability as against a co-security who has paid off the *fi. fa.* founded thereon and is seeking contribution, by reason of an understanding or agreement that he should only be liable as last indorser, it must appear that such limitation was known to the co-security and agreed to or acquiesced in by him.
3. The verdict is supported by the evidence.

Principal and surety. Negotiable instruments. Contracts. New trial. Before Judge ERWIN. Gwinnett Superior Court    September Term, 1879.

The report in the decision, taken in connection with that when the case was here before (*Camp vs. Simmons*, 62d *Ga.*, 73,) contains all the material facts. It is only necessary to add that the court refused to charge the following request of defendant's counsel, among others :    *    *
"If they (the jury) are satisfied from the evidence that one of the indorsers refused to be bound only as last indorser, and there being no evidence that any other agreement was made, or any other understanding entertained by any of them prior to the judgment in favor of Maltbie, the legal presumption of intention referred to by the supreme court is removed, and the intention of the parties as found from the evidence should be enforced."

WINN & SIMMONS, for plaintiff in error.

CLARK & PACE; N. L. HUTCHINS, for defendant.

WARNER, Chief Justice.

This case came on for trial in the court below upon an issue formed on an affidavit of illegality to an execution levied on the defendant's property. On the trial of that

issue the jury found a verdict in favor of the plaintiff. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled and the defendant excepted. It appears from the record that on the 22d of January, 1862, Steadman, as the agent of the Gwinnett Manufacturing Company, executed the following draft : " At sight pay to the order of William Maltbie two thousand five hundred dollars, for cash, at seven per cent," which was addressed to N. P. Hotchkiss, treasurer, and accepted by him on the 22d January, 1862. This paper was indorsed on the back thereof by N. P. Hotchkiss, Enoch Steadman, Merritt Camp, and James P. Simmons, in the order in which their names are here stated, but was not indorsed by Maltbie nor negotiated by him, he having loaned the money to the company and required personal security therefor. Suit was instituted on said draft by the executors of Maltbie against the Gwinnett Manufacturing Company as principal, Hotchkiss, Steadman, Camp and Simmons, as indorsers. At the March term of the court, 1869, the defendants (except Hotchkiss, who had gone into bankruptcy) confessed judgment to the plaintiffs for the sum of $2,500.00, and judgment was entered thereon against the Gwinnett Manufacturing Company as principal, and Steadman, Camp and Simmons, in the order named, as indorsers, and execution issued thereon against the defendants in the order as specified in the judgment. Camp paid off the *fi. fa.*, principal and interest, after it had been levied on his land, and proved the same in bankruptcy against the estate of Steadman for the full amount thereof, but the register only allowed one-third of the amount $1,092.67. Camp then levied the *fi. fa.* on the property of Simmons to compel him to pay his *pro rata* share of the execution as his co-security, the Gwinnett Manufacturing Company being insolvent.

This is the second time this case has been before this court. When it was here at a former term and decided, but two of the judges presided, and at the request of the

plaintiff in error he was allowed on the present argument, as a matter of favor but not as a matter of right, to review the decision made in this same case at the former term, which decision was, that Simmons, by his indorsement of the paper as set forth in the record, was liable thereon as surety, and was also liable to his co-surety to contribute his *pro rata* share towards the payment of the debt under the statutory laws of this state. After a careful review of the former decision of the court in this case in the light of the reviewing argument, this court is unanimously of the opinion that the former decision of the court was a correct and sound exposition of the law as applicable to the facts of the case, and do now reaffirm it.

2. The only remaining question in the case is, whether there was any special agreement between Simmons and Camp, his co-surety, at the time Simmons signed the paper, that he was only to be bound as the last indorser so as to take it out of the general rule as to his legal liability as surety, and did the court properly submit that question to the jury in its charge? The court charged in relation to this point in the case, " that the jury, after considering all the facts and circumstances in evidence, will determine for themselves whether it is shown that, at the time of the signing or writing their names, there was an understanding and agreement known to Camp and assented to or acquiesced in by him by silence or expressly, that Simmons should be liable only as last indorser." In view of the evidence in the record there was no error in the charge of the court, nor in refusing to charge as requested.

3. It is the unanimous judgment of this court, after a most laborious examination of this case, that the verdict was right under the evidence and the law applicable thereto, and could not well have been otherwise, inasmuch as the defendant was bound according to the legal effect of his signature upon the paper as to the other parties thereto (in the absence of any special contract or agreement with them to the contrary at the time of signing it) whatever may

have been his own private understanding of his own liability when he put his name on the paper. The private understanding of the defendant as to his liability when he signed the paper, cannot override, alter, or change the law as to the rights of the other parties to it without their agreement and consent, and especially as to a co-surety.

Let the judgment of the court below be affirmed.